IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK BUMPHUS EL,                )
                                )
            Petitioner,          )
                                )
      v.                         )       1:16CV887
                                )
FRANK PERRY,                    )
                                )
            Respondent.          )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an Answer (Docket Entry 3), a Motion for Summary Judgment (Docket Entry 4), and a Brief in Support of the Motion for Summary Judgment (Docket Entry 5). Petitioner then filed a Response. (Docket Entry 7.) This matter is now prepared for a ruling.

## Background

On May 27, 2015, in Superior Court, Person County, Petitioner pled guilty to possession of a firearm by a felon, selling a Schedule II substance, and intimidating a witness, all as a habitual felon. (Docket Entry 5, Ex. 1.) On June 8, 2015, Petitioner was sentenced to consecutive terms of 66-92 and 13-25 months of imprisonment. (*Id.*, Ex. 2.) Petitioner did not appeal, but instead filed a petition for writ of habeas corpus in Superior Court, Person County on December 17, 2015. (*Id.*, Ex. 4.) The habeas petition was denied December 18, 2015. (Docket Entry 1 at 11.) Petitioner then filed a federal habeas petition in this Court on March 3, 2106, which was denied without prejudice on April 4, 2016. (Case No. 1:16cv181,

Docket Entries 1 and 4.) The instant Petition was filed in this case on June 29, 2016. (Docket Entry 1.)

## Petitioner's Claims

Petitioner contends: (1) the investigating agents said they had Petitioner on camera making a purchase at his residence at 160 Lisa Cheryl Lane, and Petitioner does not live at that address, and the camera will show that it is not true, and the camera will show that it is not Petitioner, and the search warrant is illegal and grounds for false evidence; (2) the witnesses would say anything that the officers would have them to say to get out of trouble, there were flaws in the search warrant, and no evidence was found in Petitioner's home; (3) the Court had no jurisdiction over Petitioner because of his nationality; and (4) the Court lacked proper jurisdiction over Petitioner and did not investigate the authenticity of his status to determine if it had *in personam* jurisdiction. (Docket Entry 1, § 12, Grounds One through Four.)

## Standard of Review

Where a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite"

2

to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "Unreasonable" does not mean just "incorrect" or "erroneous" and the Court must judge the reasonableness from an objective standpoint. *Id.* at 409-11. State court factual findings are presumptively correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Discussion

Respondent first argues that the Petition is time-barred under 28 U.S.C. § 2244(d).[1] (Docket Entry 5 at 7-17.) Although Respondent's arguments concerning the timeliness of the Petition may have merit, they involve complicated issues. The grounds set out in Respondent's summary judgment brief present no such difficulties. Moreover, the limitation period in § 2244(d) is not jurisdictional, so the Court need not consider it before proceeding to other arguments. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002).

## Grounds One and Two

Petitioner's first two grounds for relief overlap and raise similar issues. Consequently, they will be addressed together. More specifically, Petitioner's first ground for relief is that:

> The Investigation Agent[s] Gill and Lappin say they had me on camera which is through the use of an confidential/reliable informant purchase was made from the residence of 160 Lisa Cheryl Lane and that I Mark Bumphus-El is a residence of the addresses[.] [T]hat is not true, I don't live at that [ ] residence and the camera will show that it is not I and the

---

[1] Respondent also expressly declines to waive the exhaustion requirement. (Docket Entry 5 at 6-7.) However, this Court is authorized to deny Petitioner's claims on the merits notwithstanding nonexhaustion. *See* 28 U.S.C. § 2254(b)(2).

3

> warrant for searching is illegal on the ground of false evidence. Because there [is] more to the matter of the investigation tha[n] the agent say that I said, which is not [the] truth, they put it in their o[w]n words not my words that would put me in danger. [I]f they would look at my identification card would have my place of residency and other bills would show[.]

(Docket Entry 1, § 12, Ground One.)

Petitioner's second ground for relief is that:

> The witnesses would say anything that the officers would have him to say and to get out of trouble. I have also noticed that in my arrest warrant the first one for the cocaine charges says that I live at 160 Lisa Cheryl Lane and the second indictment for the poss[ession] of a firearm conviction felon at 603 Walker St. They didn't get a firearm at 603 Walker Street . . . , but at the place which is 160 Lisa Cheryl Lane that I was visited and they put me down on the floor of the living room of 160 Lisa Cheryl Lane and read the search warrant saying that it was my residence. Again, they didn't get anything from my residence which is 603 Walker St. I have been charge[d] [for] what is in someone else[']s house. No[t] my own home.

(*Id.*, Ground Two.) Additionally, in a response to Respondent's motion for summary judgment, Petitioner further asserts that his counsel was constitutionally ineffective in advising him to plead guilty under these circumstances and that, consequently, his guilty plea was not made knowingly, voluntarily, and intelligibly. (Docket Entry 7 at 9-16.) None of these grounds for relief has merit.

"[R]epresentations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Absent "clear and convincing evidence to the contrary, [a petitioner] must be bound by what he said at the time of the plea." *Little v. Allsbrook*, 731 F.2d 238, 239 n.2 (4th Cir.

4

1984). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also McMann v. Richardson*, 397 U.S. 759, 766 (1970) ("the plea is also a waiver of trial-and unless the applicable law otherwise provides, a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant . . . .").

Moreover, to prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he suffered prejudice as result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Unsupported, conclusory allegations do not entitle a petitioner to relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). Prejudice requires a showing of a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have differed. *Strickland*, 466 U.S. at 694 (1977).

In this case, Petitioner entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).[2] (Docket Entry 5 at 3.) "An *Alford* plea is an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. King*, 673

---

[2] The Supreme Court's ruling in *Tollett* applies to actions in which a defendant has entered a plea of no contest pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 (1970). *See, e.g., Thomas v. Outlaw*, No. 5:10-HC-2258-FL, 2012 WL 255336, at *2 (E.D.N.C. Jan. 27, 2012).

5

F.3d 274, 281 (4th Cir. 2012) (citations and internal quotation marks omitted). A trial court may accept an *Alford* plea when: "(1) the defendant 'intelligently concludes that his interests require entry of a guilty plea;' and (2) 'the record before the judge contains strong evidence of actual guilt.'" *Id.* (quoting *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007)). In contrast to a guilty plea, a defendant entering an *Alford* plea, "does not confirm the factual basis underlying his plea." *King*, 673 F.3d at 281 (citing *United States v. Alston*, 611 F.3d 219, 227 (4th Cir. 2010)). "The trial court's evaluation and ultimate acceptance of an *Alford* plea ensures 'that a defendant's protestations of innocence do not undermine confidence that the constitutional requirement that a plea of guilty be voluntary and intelligent has been satisfied.'" *King*, 673 F.3d at 281 (quoting *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011)).

Here, Petitioner's guilty plea is a formidable barrier to his claims. Specifically, in this case Petitioner executed a transcript at his change of plea. (Docket Entry 5, Ex. 1.) In it, Petitioner swore under oath in open court that he was 55 years-old, with a 12th grade education, could hear and understand the court, and was not under the influence of any substances. (*Id.* at 2.) He swore he discussed his charges with his attorney, who explained them to him, and swore further that he understood the nature of the charges, every element of each charge, and that he had discussed possible defenses with his attorney. (*Id.*) Petitioner swore that he was satisfied with counsel's legal services. (*Id.*)

Petitioner swore further that he pled guilty to the charges in question pursuant to an *Alford* guilty plea, that he considered it in his best interest to plead guilty, and that he understood that under his *Alford* guilty plea, he would be treated as being guilty regardless of

6

whether he admitted that he was in fact guilty. (*Id.* at 3.) Petitioner also swore that the only terms or conditions of his plea bargain were as follows:

> The Defendant will PG [Plead Guilty] to PFBF [possession of a firearm by a felon] in 13CRS1608 and admit to HF [habitual felon] status in 10CRS1610 and receive an active sentence of 66 months minimum to 92 mos maximum . . . . The Defendant also will pled guilty to sale of schedule II in 14CRS1645 and intimidating a witness 14CRS50504 and both cases are to be consolidated for 1 judgment. The Defendant will receive an active sentence of 13 months minimum to 25 months maximum . . . The sentence shall run at the expiration of the sentences imposed in 13CRS1608 + 13CRS1610. The state does not object to the Defendant receiving work release.

(*Id.* at 4.) The state also agreed to dismiss the remaining charges as part of the plea agreement. (*Id.*) Petitioner swore that he personally accepted this arrangement of his own free will and swore further that no one made any other promises or threatened him to cause him to enter this plea against his wishes. (*Id.*) Petitioner also agreed that there was a factual basis to support his plea. (*Id.*) Petitioner swore he had no questions connected to his case. (*Id.*)

Also, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which Petitioner pled guilty along with the aggravating and mitigating factors and prior record points for sentencing, to the extent there were any such factors or points. (*Id.*) The prosecutor also certified that the terms and conditions of the plea were correct. (*Id.*) The Superior Court found that there was a factual basis for the entry of the plea, that Petitioner was satisfied with his lawyer's services, that he was competent to stand trial, and that the plea was an informed choice made freely, voluntarily, and understandingly. (*Id.* at 5.) The Court then sentenced Petitioner to consecutive terms of 66-92 and 13-25 months of imprisonment, giving him the full benefit of his plea bargain. (*Id.*, Ex. 2.)

In light of this, Petitioner may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267; *McMann*, 397 U.S. at 766. The only potential exception to this is Petitioner's claim that his counsel was ineffective and as a result his guilty plea was not made voluntarily, knowingly, and intelligibly. *Id.* Nevertheless, as set out previously, Petitioner faces the "formidable barrier" of his sworn statements made during the plea colloquy, which he can only overcome by demonstrating "clear and convincing evidence" in support of his claim. *Blackledge*, 431 U.S. at 73-74; *Little*, 731 F.2d at 239 n.2. Petitioner's conclusory allegations in this case do not qualify as such. (Docke Entry 7 at 15.) *See Nickerson*, 971 F.2d at 1136. Rather, Petitioner's allegations are the type of run of the mill allegations made frequently by petitioners seeking to challenge their guilty pleas.

For example, Petitioner contends that counsel never explained to him the nature or the elements of the charges, or the consequences of an *Alford* plea, despite the fact that Petitioner indicated otherwise during his change of plea. (Docket Entry 7 at 10, 14; Docket Entry 5, Ex. 1 at 2-3.) Petitioner also asserts that counsel should have known that there was insufficient evidence here to support either a search warrant or to support charging him with some or all of the crimes at issue and further asserts that counsel failed to uncover evidence that would have exonerated him. (Docket Entry 7 at 10-11.) Nevertheless, Petitioner makes these conclusory allegations without meaningful support, *see Nickerson*, 971 F.2d at 1136, and these allegations are also at odds with Petitioner's own admission that there were facts sufficient to support his plea. (Docket Entry 5, Ex. 1 at 4.)

8

Despite evidence to the contrary in the plea transcript, Petitioner also asserts that he did not understand the significance at sentencing of being designated a habitual felon, the impact of aggravating and mitigating factors, or of his prior record points. (Docket Entry 7 at 10; Docket Entry 5, Ex. 1.) In any event, regardless of the plea transcript, there were no aggravating factors in this case, the mitigating factors only work to Petitioner's advantage, and Petitioner fails to meaningfully explain how his prior record points or habitual felon status were mishandled to his prejudice. (Docket Entry 5, Ex. 3.) Moreover, beyond all of this, the agreement in the plea transcript states that in return for his guilty plea, Petitioner would receive consecutive sentences of 66-92 months and 13-25 months, which was consistent with Petitioner's ultimate sentence.[3] (Docket Entry 5, Ex. 1 at 4, Ex. 2 at 1, 4-5.) Petitioner therefore received the benefit of his plea agreement. In the end, Petitioner is bound by his statements made during the plea hearing and his ineffective assistance claims should be denied in their entirety, along with all independent claims relating to the alleged deprivation of a constitutional right that occurred prior to the entry of the guilty plea.

### Grounds Three and Four

Petitioner's next two grounds for relief are not entirely clear. Petitioner apparently seeks relief based on his status as a "Moorish American National" and further contends that the state court lacked subjection matter and personal jurisdiction over him. (Docket Entry 1,

---

[3] Petitioner also contends that the state agreed to dismiss the sale of a schedule two substance charge as part of the plea agreement. (Docket Entry 7 at 15-16.) This is false. As indicated above, the plea agreement indicated that Petitioner was pleading guilty to this charge. (Docket Entry 5, Ex. 1, at 4.) What the state agreed to dismiss, and what was dismissed, was a charge for possession with intent to sell/deliver a schedule two substance. (*Id.*) Petitioner also contends that the state trial court and the parties failed to sign and date the plea transcript. (Docket Entry 7 at 16.) This too is false as evinced by an examination of that document. (*See* Docket Entry 5, Ex. 1.)

§ 12, Grounds Three and Four; Docket Entry 7 at 27.) Nevertheless, Petitioner's claimed ethnicity or nationality will not absolve him of criminal liability. Grounds for relief like this one are routinely denied by courts as frivolous. *Wright-El v. Jackson*, No. 2:12-CV-6-RJC, 2012 WL 3614452, at *2 (W.D.N.C. Aug. 21, 2012) *appeal dismissed*, 502 Fed. App'x 339 (4th Cir. Jan. 3 2013) (collecting cases).[4] Beyond this, in North Carolina, the Superior Court has "exclusive, original jurisdiction" over all criminal offenses against the laws of North Carolina, "not assigned to the district court division," regardless of the citizenship of the defendant. N.C. Gen. Stat. § 7A-271. Additionally, North Carolina trial division courts "have personal jurisdiction over those who commit crimes within the borders of the state." *State v. Goode*, 710 S.E.2d 301, 303 (N.C. Ct. App. 2011). Petitioner was charged and convicted of violating North Carolina law in the state of North Carolina. These grounds for relief should be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's grounds for relief lack merit and should therefore be denied. Neither a hearing nor the appointment of counsel are warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED**, that the Petition (Docket Entry 1) be **DENIED**, and that Judgment be entered dismissing this action.

Joe L. Webster
United States Magistrate Judge

November 30, 2016

---

[4] To the extent Petitioner intended to raise some other type of claim in his pleadings, it fails for being too vague and conclusory to proceed. *See Nickerson*, 971 F.2d at 1136.