IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| MARK BUMPHUS EL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:16CV887 |
| FRANK PERRY, | ) | |
| Respondent. | ) | |

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on November 30, 2016, was served on the parties in this action. Petitioner objected to the Recommendation. (ECF Nos. 10 and 11.)

Petitioner's objections lack merit and do not require additional discussion, except perhaps for the following. Although it is far from clear, Petitioner may, through his objections, be trying to amend his Petition to add a new claim that he was deprived the right to appeal through ineffective assistance of counsel. (ECF No. 10 at 5.) In an abundance of caution, therefore, the court notes the following. A proposed amendment along these lines does not relate back to the claims in the original Petition filed in this case, none of which had anything to do with an appeal or lack thereof. (*See* ECF No. 1.) *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); Fed. R. Civ. P. 15(c). As a result, Petitioner's proposed new claim (if that is indeed what it is) is subject to, and time-barred by, the one-year limitations deadline. 28 U.S.C. § 2244(d)(1)(A)-(D).

Specifically, the United States Court of Appeals for the Fourth Circuit has explained

that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence*.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphases added). The record does not reveal any basis for concluding that subparagraphs (B)-(C) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, judgment was entered in Petitioner's criminal case on June 8, 2015. (ECF No. 5, Ex. 2.) Assuming Petitioner still had a right to appeal after his guilty

2

plea,[1] it would have expired fourteen days later on June 22, 2015. N.C. R. App. P. 4(a)(2) (criminal defendants have fourteen days to appeal). The time to file in this court thus began on June 22, 2015 and, absent tolling, was to expire one year later in late June 2016. *See* 28 U.S.C. 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner is entitled to a single day of statutory tolling as his state habeas petition was filed on December 17, 2015 and resolved the next day. (ECF No. 1 at 11, ECF No. 5, Ex. 4.) *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (concluding that state post-conviction proceedings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."). Nevertheless, even with the benefit of statutory tolling, Petitioner's one-year deadline still expired in late June 2016 and Petitioner did not raise the current issue until December of 2016. (ECF No. 10 at 5.) It is thus almost six month late.

It is true that Petitioner did file a state court motion for appropriate relief ("MAR") on September 23, 2016, which was denied on December 6, 2016. (ECF No. 11 at 2.) However, Petitioner's time to raise the current proposed ground for relief expired before he filed his MAR. Filings made after the limitations period has ended do not revive or restart it. *Minter*

---

[1] Respondent has argued that Petitioner had no right to appeal. (ECF No. 5 at 7-10.) However, the court does not resolve this question because even if Petitioner had such a right, his claim is time-barred as explained above.

*v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Additionally, Petitioner filed prior federal habeas petitions with this court, which were denied without prejudice (Case No. 1:16cv181, ECF No. 1 and 4; Case No. 1:16cv332, ECF Nos. 1 and 6), however, that does not entitle Petitioner to statutory tolling either. *See Duncan v. Walker*, 533 U.S. 167, 172-75, 121 S.Ct. 2120 (2001). Unless another subparagraph applies, Petitioner's potential ground for relief is time-barred by roughly six months.

Along those lines, subparagraph (D) provides that a petitioner may file an application for a writ of habeas corpus within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Petitioner concedes that he realized no appeal had been filed on his behalf on or about June 8, 2015. Consequently, giving Petitioner the benefit of his fourteen day period to appeal and his one-year limitation period, Petitioner would still have had to file this new claim by the end of June of 2016. (ECF No. 10 at 5.) Once again, however, the issue Petitioner may now be trying to raise was raised in December of 2016 and is therefore roughly six months late.

Finally, the United States Supreme Court has recognized that the doctrine of equitable tolling applies to the time bar set forth in Section 2244. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).

4

Here, Petitioner states: "I was not to use a phone but one year after I was there [in prison] and mail[ ] didn't go out as our prison did why you are being diagnostic, you have to be 30 days without fund to get welfare for stamp and others, all of this delay of me to appeal the plea agreement." (ECF No. 10 at 5.) This kind of conclusory and unsupported allegation, to the extent the court is able to discern what Petitioner means, does not justify equitable tolling. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). And, even if some form of equitable tolling were warranted here (which is not the case) it would not be six months of equitable tolling. Consequently, any effort to amend the original Petition here is futile because it is time-barred. *See United States v. Hodge*, No. 01–7216, 2002 WL 170733, at *1 n.* (4th Cir. Feb. 4, 2002) ("We note that the district court did not abuse its discretion by denying Hodge's motions to amend his § 2255 motion as such amendments would have been futile.").[2]

Beyond noting this, the court notes further that it has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment (ECF No. 4) be **GRANTED**, that the Petition (ECF No. 1) be **DENIED**, and that Judgment be entered dismissing this action. A judgment dismissing this action will be entered

---

[2] To the extent Petitioner intended to raise some other type of new claim in his objections, it fails for being too vague and conclusory to proceed and fails further for being time-barred. *See Nickerson*, 971. F.2d at 1136.

contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This, the 20th day of January, 2017.

/s/ Loretta C. Biggs  
United States District Judge